IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN J. WOODFORD, ET AL.,<br><br>    Defendants.<br>_____ | No. C 05-2000 JSW (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>(Docket no. 2) |

## INTRODUCTION

Plaintiff, a prisoner of the State of California currently incarcerated at the Correctional Training Facility at Soledad (CTF), filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical care at that facility. Plaintiff seeks leave to proceed *in forma pauperis*. Venue is proper in this district because the acts complained of occurred in Monterey County. 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

Plaintiff complains that he has been denied adequate medical care at CTF for a host of medical ailments over the past seven years. Specifically, he alleges: he has not been, and currently is not, receiving prescribed medications; the prescribed medications which he does receive are not effective in relieving pain and suffering, or are reduced in frequency or dosage or completely changed or stopped without supporting tests or examinations; his doctor appointments are delayed or denied in spite of his pain and suffering; his doctor appointments are inadequate in length and detail, doctors are uncommunicative and get upset when asked questions, and they take retaliatory action

when their medical decisions are appealed; tests and/or examinations to diagnose complaints are delayed or are not ordered and/or performed; routine tests to monitor possible side effects of, or damage caused by, prescribed medications are not performed; CTF medical staff have refused to treat a serious neurological problem which was diagnosed previously at the University of California Medical Center at San Diego; referrals to specialists are repeatedly denied and Plaintiff has not been seen by a neurologist despite complaints of continuing symptoms and pain; accurate, legible medical records are not maintained; decisions by review panels are not present in Plaintiff's file; requests to review medical records are ignored; staff refuse to follow doctor's orders for regular exams; doctors ignore visual evidence of conditions needing treatment.

Plaintiff alleges that the failure to address his medical needs adequately amounts to a violation of his constitutional rights under the Eighth Amendment. He alleges that he has exhausted his administrative remedies with respect to all of his claims. He names forty-three Defendants, and seeks declaratory and injunctive relief and damages.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v.*

3

*Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Liberally construed, Plaintiff's allegations of a pattern of inadequate medical care for his chronic medical problems over the past several years states a claim for deliberate indifference to his serious medical needs. However, Plaintiff cannot proceed with his claims because not all of the claims had been exhausted through the required levels of administrative review before Plaintiff filed his action.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he exhausts fully while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). While nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Id.* at 119-20. Accordingly, the court may dismiss a claim without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. *See id.*[1]

---

[1] The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.*

In his complaint Plaintiff alleges five general categories of injury, each one containing numerous subparts, which constitute Plaintiff's actual claims. For many of the claims, Plaintiff provides a detailed administrative exhaustion history. For others, there is little or no history. And for some, he states that the appeal is still "in process." *See, e.g.,* claims 1(h), 1(I), 2(d), 3(g), 4(d). Accordingly, it appears from the face of the complaint that Plaintiff has not complied with the exhaustion requirement as to all of his claims. When a prisoner's civil rights complaint contains both exhausted and unexhausted claims the Court must determine whether the claims actually are a constellation of alleged violations amounting to a single constitutional claim. *See Lira v. Herrera*, 427 F.3d 1164, 1176-77 (9th Cir. 2005). If so, the prisoner must be given leave to amend his complaint to delete the unexhausted portions of his claim, or to dismiss the action so that he may exhaust his administrative remedies and then file a new complaint with all exhausted claims. *Id.*

Here, Plaintiff is attempting to pursue an Eighth Amendment claim for deliberate indifference to his serious medical needs based on a constellation of alleged injuries inflicted over a period of years by numerous defendants. Accordingly, because some of the underlying claims upon which he relies clearly are unexhausted, Plaintiff must be given leave to amend his complaint to delete the unexhausted portions of his claim or to dismiss the action so that he may exhaust his administrative remedies and then file a new complaint with all exhausted claims. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Within THIRTY (30) days from the date of this order Plaintiff shall inform the Court whether he intends to proceed only with his exhausted claims, which means the unexhausted claims will be dismissed, or whether he intends to exhaust the unexhausted claims and then file a new complaint with all exhausted claims, which

---

§ 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *See id.* at 1237-38.

means the action will be dismissed without prejudice as unexhausted. If Plaintiff fails to comply with this order, the action also will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Leave to proceed *in forma pauperis* is DENIED without prejudice. (Docket no. 2.) If Plaintiff files an amended complaint which complies with this order the Court will review the *in forma pauperis* application anew.

2. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND, as discussed above. Plaintiff shall file an amended to the complaint within ***thirty days from the date of this order***. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Plaintiff's failure to amend or to notify the Court of his intent not to do so within thirty days will result in the dismissal of the complaint without prejudice and without further leave to amend.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: January 3, 2006

JEFFREY S. WHITE
United States District Judge