1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

MICHAEL A. WALKER,                    )    No. C 05-2000 JSW (PR)
                                      )
9            Plaintiff,               )    **ORDER OF SERVICE OF**
                                      )    **AMENDED COMPLAINT AND**
10           v.                       )    **GRANTING MOTION TO**
                                      )    **PROCEED *IN FORMA PAUPERIS***
11   J. WOODFORD, ET AL.,             )
                                      )    (Docket nos. 2, 7)
12           Defendants.              )
     _____  )

13

14                          **INTRODUCTION**

15       Plaintiff, a prisoner of the State of California currently incarcerated at the

16   Correctional Training Facility at Soledad (CTF), filed this civil rights action pursuant to

17   42 U.S.C. § 1983, complaining of inadequate medical care at that facility.  Plaintiff seeks

18   leave to proceed *in forma pauperis,* which is GRANTED in a separate order filed

19   simultaneously (docket no. 2).  This Court previously dismissed the complaint with leave

20   to amend because Plaintiff had failed to allege exhaustion of all of the claims listed in the

21   complaint.  Plaintiff has since filed an amended complaint (docket no. 4) and on May 4,

22   2007, Plaintiff filed a motion seeking appointment of counsel (docket no. 7).

23                       **STATEMENT OF FACTS**

24       Plaintiff complains that he has been denied adequate medical care at CTF for a

25   host of medical ailments over the past seven years.  Specifically, he alleges: he has not

26   been, and currently is not, receiving prescribed medications; the prescribed medications

27   which he does receive are not effective in relieving pain and suffering, or are reduced in

28   frequency or dosage or completely changed or stopped without supporting tests or

1   examinations; his doctor appointments are delayed or denied in spite of his pain and

2   suffering; his doctor appointments are inadequate in length and detail, doctors are

3   uncommunicative and get upset when asked questions, and they take retaliatory action

4   when their medical decisions are appealed; tests and/or examinations to diagnose

5   complaints are delayed or are not ordered and/or performed; routine tests to monitor

6   possible side effects of, or damage caused by, prescribed medications are not performed;

7   CTF medical staff have refused to treat a serious neurological problem which was

8   diagnosed previously at the University of California Medical Center at San Diego;

9   referrals to specialists are repeatedly denied and Plaintiff has not been seen by a

10  neurologist despite complaints of continuing symptoms and pain; accurate, legible

11  medical records are not maintained; decisions by review panels are not present in

12  Plaintiff's file; requests to review medical records are ignored; staff refuse to follow

13  doctor's orders for regular exams; doctors ignore visual evidence of conditions needing

14  treatment.

15          Plaintiff alleges that the failure to address his medical needs adequately amounts

16  to a violation of his constitutional rights under the Eighth Amendment.  He alleges that

17  he has exhausted his administrative remedies with respect to all of the claims in his

18  amended complaint.  He names forty-three Defendants, and seeks declaratory and

19  injunctive relief and damages.

20                              **STANDARD OF REVIEW**

21          Federal courts must engage in a preliminary screening of cases in which prisoners

22  seek redress from a governmental entity or officer or employee of a governmental entity.

23  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the

24  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

25  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

26  defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be

27

28                                        2

1  liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

2  1990).

3         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

4  (1) that a right secured by the Constitution or laws of the United States was violated, and

5  (2) that the alleged violation was committed by a person acting under the color of state

6  law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

7  **ANALYSIS**

8         The Eighth Amendment requires that prison officials take reasonable measures to

9  guarantee the safety of prisoners.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

10  Deliberate indifference to serious medical needs violates the Eighth Amendment's

11  proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97,

12  104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

13  *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

14  banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of

15  "deliberate indifference" involves an examination of two elements: the seriousness of the

16  prisoner's medical need and the nature of the defendant's response to that need.  *See*

17  *McGuckin*, 974 F.2d at 1059.

18        A "serious" medical need exists if the failure to treat a prisoner's condition could

19  result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*

20  (citing *Estelle v. Gamble*, 429 U.S. at 104).  The existence of an injury that a reasonable

21  doctor or patient would find important and worthy of comment or treatment; the presence

22  of a medical condition that significantly affects an individual's daily activities; or the

23  existence of chronic and substantial pain are examples of indications that a prisoner has a

24  "serious" need for medical treatment.  *See id.* at 1059-60 (citing *Wood v. Housewright*,

25  900 F.2d 1332, 1337-41 (9th Cir. 1990)).

26        A prison official is deliberately indifferent if he knows that a prisoner faces a

27

28

1    substantial risk of serious harm and disregards that risk by failing to take reasonable

2    steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In order for deliberate

3    indifference to be established, there must be a purposeful act or failure to act on the part

4    of the defendant and resulting harm.  *See McGuckin*, 974 F.2d at 1060; *Shapley v.*

5    *Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

6            Liberally construed, Plaintiff's allegations of a pattern of inadequate medical care

7    for his chronic medical problems over the past several years states a claim for deliberate

8    indifference to his serious medical needs.  In response to the Court's order of dismissal

9    with leave to amend, Plaintiff alleges that the allegations in the complaint have been

10   exhausted.  This Court has not conclusively determined the issue of exhaustion of all of

11   the claims at this time.  However, in his amended complaint, Plaintiff has admitted that

12   certain of his prisoner administrative complaints were exhausted after Plaintiff filed his

13   complaint, specifically those attached to the complaint as Exhibits M, AC, and AF.

14   Plaintiff has also conceded that the claims alleged in Exhibits B, J, and K are not

15   exhausted. A claim must be dismissed unless the prisoner exhausted his available

16   administrative remedies before he filed suit, even if he exhausts fully while the suit is

17   pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).    Therefore, the

18   claims and Defendants related to those inmate appeals (B, J, K, M, AC, and AF) are

19   DISMISSED from this action.  Plaintiff's remaining Eighth Amendment claim for

20   deliberate indifference to his serious medical needs based on a constellation of alleged

21   injuries inflicted over a period of years by numerous Defendants will be served as set

22   forth below.

23                **MOTION SEEKING APPOINTMENT OF COUNSEL**

24           Plaintiff requests that the Court appoint counsel or assign one to represent him at a

25   reduced rate.  However, there is no constitutional right to counsel in a civil case unless an

26   indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v.*

27

28                                          4

1  *Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525

2  (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on*

3  *other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  A court "may

4  request an attorney to represent any person unable to afford counsel." 28 U.S.C. §

5  1915(e)(1).

6      The decision to request counsel to represent an indigent litigant under § 1915 is

7  within "the sound discretion of the trial court and is granted only in exceptional

8  circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of

9  the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation

10  of the likelihood of the plaintiff's success on the merits and an evaluation of the

11  plaintiff's ability to articulate his claims pro se in light of the complexity of the legal

12  issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103

13  (9th Cir. 2004); *Rand*, 113 F.3d at 1525;  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

14  Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these

15  factors must be viewed together before reaching a decision on a request for counsel

16  under § 1915.  *See id.*   In this case, Plaintiff has demonstrated sufficient writing ability

17  to articulate his claims and adequate capability to represent himself at this time in the

18  proceedings.  As such, Plaintiff's motion is DENIED without prejudice (docket no. 7).

19                                 **CONCLUSION**

20      For the foregoing reasons and for good cause shown,

21      1.  Plaintiff states a cognizable claim of deliberate indifference to his medical

22  needs against the following named Defendants: **A. P. Kane, Warden; W. B. Childress;**

23  **P. G. Dennis; M. L. Friedman, M.D.; K. Slather, D.D.S.; N. Luca, M.D.; T. W.**

24  **Friederichs, M.D.; A. Rosenthal, D.O.; M. Dayalan, M.D.; I. Grewal, M.D.; C.**

25  **Sinnaco, M.D.; C. Krisna, M.D.; H. Aung, M.D.; Robertson, M.D.; Q. Dihn, M.D.;**

26  **A. Statzer, S.S.A.; A. Barger, M.M.A.; J. Shepard, S.M.T.A.; Fernandez, M.T.A.**;

27

28                                        5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

all of the **Correctional Training Facility, P.O. Box 686, Soledad, California 93960-0686**: Defendants **J. Woodford; N. Grannis; R. Manuel; A. Mitchell, M.D.; R. Kanan, M.D.; V. O'Shaughnessy** of the **California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.**  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto with all attachments thereto, and a copy of this order upon the above-named Defendants. The Clerk shall also serve a copy of this order on Plaintiff.  All other Defendants are DISMISSED under the authority of 28 USC § 1915A(b); Plaintiff may move to amend to add the named Doe defendants once he ascertains their identities, however. *See Wakefield v Thompson*, 177 F.3d 1160, 1163 (9th Cir 1999).

2.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c. Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: <u>August 8, 2007</u>

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WALKER,

                Plaintiff,

  v.

WOODFORD et al,

                Defendant.

Case Number: CV05-02000 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 8, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Walker
P.O. Box 689
D91638
Soledad, CA 93960-0689

Dated: August 8, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk